USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/10

PRO SE OFFICE

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL REECE
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

10 Civ. 2901 (LAP)

**AMENDED
COMPLAINT**

-against-

MARC ECKO UNLTD.; MARC ECKO ENTERPRISES ET AL
FOUNDATION 9 ENTERTAINMENT AKA THE COLLECTIVE ET AL
SONY CORPORATION ET AL; ATARI INC. INFOGRAMES
ENTERTAINMENT ET AL; MICROSOFT; SEAN 'DIDDY'
COMBS BAD BOY ENTERTAINMENT (WORLDWIDE) ET AL
_____

Jury Trial: ☐ Yes   ☑ No
*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If
you cannot fit the names of all the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names. The
names listed in the above caption must be identical to those
contained in Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your
       identification number and the name and address of your current place of confinement. Do the
       same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name     DANIEL REECE
               Street Address   700 LENOX AVE. APT. 24 H
               County, City   NY, NY
               State & Zip Code   NY 10039-4531
               Telephone Number   (917) 334-0245

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a
       government agency, an organization, a corporation, or an individual. Include the address where
       each defendant may be served. Make sure that the defendant(s) listed below are identical to those
       contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant No. 1   Name MARC ECKO UNLTD. MARC ECKO ENTERPRISES ET AL
Street Address 40 W. 23rd ST.
County, City NY, NY
State & Zip Code NY 10010
Telephone Number (917) 262-1002

Defendant No. 2   Name SONY CORPORATION          SONY CORPORATION
Street Address 550 MADISON AVE.          7-35 KITASHINAGAWA
County, City NY, NY          6-CHOME
State & Zip Code NY 10022          SHINAGAWA-KU
Telephone Number (212) 833-9100          TOKYO, JAPAN

Defendant No. 3   Name ATARI INC. ET AL INFOGRAMES ENTERTAINMENT ET AL
Street Address 417 FIFTH AVE.
County, City NY, NY
State & Zip Code NY 10016
Telephone Number (212) 726-6500

Defendant No. 4   Name MICROSOFT          MICROSOFT
Street Address 1290 AVENUE OF THE AMERICAS          1 MICROSOFT WAY
County, City NY, NY          REDMOND, WASHINGTON
State & Zip Code NY 10104          WASHINGTON 98052
Telephone Number (212) 245-2100          (425) 882-8080

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal Questions          ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? 28 U.S.C. § 1391 (b) ; 17 U.S.C. § 501

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship          N/A

Defendant(s) state(s) of citizenship

DEFENDANT NO. 5

      NAME - SEAN 'DIDDY' COMBS

      ADDRESS - 1710 BROADWAY

               NY, NY 10019

      TEL.    (212) 381-1540


DEFENDANT NO. 6

      NAME - FOUNDATION 9 ENTERTAINMENT

      ADDRESS - 17600 GILLETTE AVENUE

            IRVINE, CALIFORNIA 92614

      TEL.   - (510) 457 - 6101


2 A

## III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? <u>NY , USA, EU, JAPAN</u>
<u>CANADA ET AL</u>

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____
<u>FEBRUARY 14, 2006 AND BEYOND TO THE PRESENT</u>

C.   Facts: <u>THAT MARC ECKO UNLTD.; MARC ECKO ENTERPRISES UNDER LICENSE</u>
WITH FROM SONY CORPORATION, USING FOUNDATION 9 AKA THE COLLECTIVE AS DEVELOPER/
ASSISTING ; ALSO ATARI INC. / INFOGRAMES ENTERTAINMENT ET AL WITH
MICROSOFT AS LICENSER AND OR IN PARTNERSHIP AS ALL PREVIOUSLY MENTIONED WITH
SEAN 'DIDDY' COMBS - BAD BOY WORLDWIDE ENTERTAINMENT Group DEVELOPED,
PROMOTED, AND SOLD WORLDWIDE VIDEO GAME SOFTWARE FOR PLAYSTATION 2,
MICROSOFT X BOX HARDWARE, AND HAND HELD ; ON LINE VERSIONS OF THE GAME
"GETTING UP - CONTENTS UNDER PRESSURE" WHICH CONTAINED MY REGISTERED
ARTWORK COPYRIGHTED ART CONCEPT AND DEPICTED MY WORK WILLFULLY FOR
PROFIT AND FINANCIAL GAIN DOMESTICALLY AND ABROAD. THE GAME AIMED
AT GRAPHIC ART PAYING HOMAGE TO GRAFFITI ART AND LEGENDS FROM NYC DID
COPY MY WORK AND CREDIT/HIRE SOMEONE DOC TC 5 TO PORTRAY MY ARTWORK
IN THE SOFTWARE. DIDDY COMBS WAS HIRED TO PROVIDE MUSIC AND PORTRAY MYSELF THE
ARTIST DIP. MY COMPOSITIONS ARE COPIED IN VARIOUS FORMS THROUGHOUT THE
GAME AS PLAYERS ADVANCE. SPECIFICALLY IN A SEGMENT CALLED "DIP'S HIDEOUT"
AS THE ARTWORK IS SHOWN LARGE SCALE. OTHER INSTANCES ALSO OCCUR IN THE
GAME. THESE ARE VIEWABLE ON YOU TUBE WITH A SEARCH OF DIP CONTENT's UNAFA

## IV.   Injuries: PRESSURE – CONTINUED ON ADDITIONAL SHEETS.

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

<u>NO PHYSICAL INJURY N/A MEDICAL</u>

[Sidebar boxes:]
What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

MY ARTWORK IS REGISTERED WITH THE LIBRARY OF CONGRESS CERTIFICATE ~~READY~~ TO BE RECEIVED IN THE MAIL.

OTHER ARTISTS KNOWN AS LEGENDS FROM NYC WERE COMPENSATED WHEN INCLUDED IN THE SOFTWARE / VIDEO GAME AS WELL AS THEIR IMAGE AND ORIGINAL ARTWORK.

MY ARTWORK WAS WILLFULLY AND INTENTIONALLY COPIED AND CONTAINED WITHIN THE COPYRIGHT FOR THIS GAME PRODUCED IN CONJUNCTION WITH ALL OF THE NAMED DEFENDANTS AND CORPORATION DIVISIONS.

THE NAME OF THE ARTWORK IS DIP AND WAS LEGENDARY AND OF KNOWLEDGE TO RESEARCHERS OF THE ART FORM. WHILE ATTEMPTS AT CHANGING STYLES THE ORIGINALITY AND CONCEPT ARE MINE ALONE AND COPYRIGHTED.

AT THE TIME OF ~~DISCOVERY~~ MARKET I WAS COMPLETING GRADUATE STUDIES ON MY MBA; AT THE TIME OF DISCOVERY I WAS WORKING IN PUBLIC SERVICE AS I HAVE BEEN FOR NEARLY 20 YEARS.

LEGAL POINTS - BERRIE V. ELSNER

- "SUBSTANTIAL SIMILARITY" CAN BE SEEN IN THE ARTWORK ELEMENTS DIP NO MATTER HOW ARTISTICALLY FORMED TO BE DIFFERENT. WILLFUL INTENT IS EVIDENT AS THE IDEA WAS TO SUBSTITUTE A COPY (TO INFRINGE UPON THE ORIGINAL) AND PROFIT FROM ITS INCLUSION IN THE VIDEO GAME AND SOFTWARE. THE GAME IS STILL AVAILABLE FOR PURCHASE AS OF THIS COMPLAINT ON THE INTERNET AND SO FORTH.

  ALSO THE DEFENDANT'S WOULD HAVE HAD ACCESS TO KNOWLEDGE OF THE LEGENDARY STATUS AND ARTWORK FROM OTHER LEGENDS INCLUDED AND COMPENSATED. THIS MAY BE SURMISED BY INCLUDING MY WORK AND CONCEPT IN SPITE OF NOT HAVING PERMISSION AND BEING ABLE TO USE ANY OTHER ARTIST WHERE PERMISSION HAD BEEN GIVEN. INSTEAD MY ART, CONCEPT, AND EVEN PERSONA WAS ATTEMPTED TO BE PORTRAYED AS IT ORIGINAL AND PROMINENTLY IN THE GAMES STORYLINE.

- "COPYING NEED NOT BE OF EVERY DETAIL SO LONG AS THE COPY IS SUBSTANTIALLY SIMILAR TO THE COPYRIGHTED WORK."

  CARELL V SHUBERT ORGANIZATION, 104 F. SUPP. 2d 236, 257 (SDNY 2000)

- " "ALLEGATIONS [TO BE] SUFFICIENTLY SPECIFIC FOR PURPOSES OF RULE 8, DESPITE THE FACT THAT EACH INDIVIDUAL INFRINGEMENT (IN THIS CASE SCENES AND FRAMES IN A VIDEO GAME) WAS NOT SPECIFIED."

THE DEFENDANTS MARC ECKO UNLTD; MARC ECKO ENTERPRISES ET AL; FOUNDATION 9 ENTERTAINMENT AKA THE COLLECTIVE, SONY CORPORATION, ATARI INC. INFOGRAMES ENTERTAINMENT, MICROSOFT, SEAN 'DIDDY' COMBS BAD BOY ENTERTAINMENT (WORLDWIDE) DID WILLFULLY IN PARTNERSHIP INFRINGE UPON MY ARTWORK COPYRIGHTED FOR PROFIT.

FOUNDATION 9 ~~BECAME~~ "BY THE END OF 2006 FOUNDATION 9's STUDIOS HAD RELEASED ... THE AWARD WINNING MARC ECKO'S GETTING UP: CONTENTS UNDER PRESSURE" (RELEASED FEBRUARY 14, 2006 VS ) WORLDWIDE RELEASE SUBSEQUENT

http://www.f9e.com/

"FOUNDATION 9 BECAME THE LARGEST INDEPENDENT VIDEOGAME DEVELOPER IN THE WORLD IN LATE 2006 ..."

http://www.f9e.com/

IT IS NOT KNOWN TO MYSELF AS PLAINTIFF HOW PROFITS FROM MY ARTWORK HAS CONTRIBUTED TO THE SALES AND EARNINGS OF THE DEFENDANTS.

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. I ASK THE COURT FOR REMEDY AND SUMMARY JUDGEMENT IN THE FOLLOWING AMOUNTS (THAT CAN BE SUBSTANTIATED AS EXTREMELY CONSERVATIVE) MARC ECKO UNLTD; MARC ECKO ENTERPRISES $120 MILLION US 10% of 1.2 BIL IN 2006 OF ALL OPERATIONS OR A FRACTION THEREOF DEEMED FAIR, ADD (INCLUDING FOUNDATION 9 / THE COLLECTIVE); SONY CORP. $1 DOLLAR FOR EVERY PS2 UNIT AS MAJOR LICENSER AND DRIVER FOR " CONTENT DEVELOPMENT" 100M UNITS WORLDWIDE = $100 MILLION US ; ATARI INC. $100 MILLION US AS PUBLISHER OF THE SOFTWARE FOR PS2 AND MICROSOFT X BOX UNITS; MICROSOFT AS LICENSER FOR " CONTENT DEVELOPMENT" FOR X BOX, AND X BOX 360, HARDWARE UNITS THE GAME ALSO WAS DESIGNED FOR. IT IS BELIEVED AS THE SOFTWARE/VIDEO GAME WENT TO MARKET IN FEBRUARY 2006, VALENTINE'S DAY, 24 MILLION X-BOX UNITS + 35.8 MILLION X BOX 360 UNITS = 59.8 MILLION UNITS - I ASK FOR $1 DOLLAR FOR EACH UNIT THE GAME COULD BE PLAYED ON. SEAN 'DIDDY' COMBS BAD BOY WORLDWIDE ET AL $1 MILLION US FOR VOICING AND ACTING MY PERSONA. I AM ALSO AN ALUMNI OF THE AMERICAN ACADEMY OF DRAMATIC ARTS '96 NEW YORK BRANCH AND MUST JOIN STATUS FOR AFTRA (AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS). I ALSO ASK THE COURT FOR COMPLETE AND SOLE RIGHTS TO MY ART (COPYRIGHTED) AND ARTISTIC PERSONA.

SUM TOTALS: ECKO = 120M + SONY = 100M + ATARI = 100M + MICROSOFT = 59.8M + COMBS = 1M =

I declare under penalty of perjury that the foregoing is true and correct.

SEAN 'DIDDY'

$380.8 MIL US

Signed this 3ᵗʰ day of JUNE , 20 10.

RESPECTFULLY SUBMITTED

Signature of Plaintiff

Mailing Address     700 LENOX AVE. APT. 24H

NEW YORK , NY 10039-4531

Telephone Number     (917) 334-0245

Fax Number *(if you have one)*     N/A

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20 ___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number     _____

JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL REECE,

                Plaintiff,

    -against-

MARC ECKO UNLTD;
MARC ECKO ENTERPRISES, ET AL;
FOUNDATION 9;
SONY CORPORATION ET AL;
ATARI INC.;
INFOGRAMES ENTERTAINMENT ET AL;
MICROSOFT;
SEAN 'DIDDY' COMBS BAD BOY
WORLDWIDE ENTERTAINMENT ET AL,

                Defendants.

------------------------------------------------------------X

**ORDER**

       Plaintiff, appearing *pro se*, brings this action alleging, in essence, violations of copyright law, 17 U.S.C. § 501.  Although not a model of clarity, plaintiff's papers appear to assert a claim that defendants used his artwork without his knowledge, consent or compensation.  Plaintiff seeks monetary damages in the total amount of $380,800,000 and injunctive relief.  The Court hereby grants plaintiff's request to proceed *in forma pauperis* and directs plaintiff to submit an amended complaint within sixty (60) days of this Order as detailed below.

       To the extent that plaintiff seeks to assert a claim for copyright infringement, his allegations are insufficient to sustain such an claim.  In order to sustain a cognizable copyright infringement suit in federal district court, plaintiff must allege:  (1) ownership of the valid copyright and  (2) copying of constituent elements of the work that are original.  17 U.S.C. § 501; see Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991); Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2001).  A certificate of copyright registration is *prima facie* evidence that the

copyright is valid.  17 U.S.C. § 410(c); see Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997).

In the instant action, plaintiff fails to satisfy these basic requirements needed to sustain a copyright infringement claim.  Plaintiff fails to allege that his work has registered copyrights or that he presently owns the copyright for the works at issue.  See Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992), aff'd without op. 23 F.3d 398 (2d Cir. 1994); see also Wagstaff-EL v. Carlton Press Co., 913 F.2d 56, 58 (2d Cir. 1990 (per curiam) (dismissal of copyright infringement claim warranted where plaintiff failed to show registered copyright); Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc., 482 F. Supp. 980, 984-85 (S.D.N.Y. 1980) (plaintiff made prima facie case of copyright infringement on element of ownership of valid copyright by submission of certificate of copyright registration).  Furthermore, plaintiff fails to include any allegations of infringement.  Rule 8 of the Federal Rules of Civil Procedure requires that the alleged infringing acts be described with some specificity and prohibits "broad sweeping allegations of infringement."  Kelly, 145 F.R.D. at 36 n.3 (citations omitted).  Plaintiff's broad accusation that defendants have used his artwork without his knowledge or consent cannot sustain this action under 17 U.S.C. § 501.  Therefore, plaintiff is hereby granted sixty (60) days to amend his complaint to detail is claim.

Accordingly, plaintiff is hereby directed to file an Amended Complaint containing the information specified above.[1]  The Amended Complaint must be submitted to this Court's Pro Se Office within sixty (60) days of the date of this Order, be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.  A copy of this Order must be attached to the Amended Complaint.  Plaintiff is advised that his Amended Complaint will

---

[1] Plaintiff may use the Amended Complaint form attached to this Order.

2

completely replace his original one.  No summons will issue at this time, and all further proceedings shall be stayed for sixty (60) days or until plaintiff has complied with this Order.  If plaintiff fails to comply within the time allowed, the complaint shall be dismissed.

Once submitted, the Amended Complaint shall be reviewed for substantive sufficiency, and then, if proper, shall be reassigned to a district judge in accordance with the procedures of the Clerk's Office.  If the case is reassigned, a copy of this Order shall be served with the summons and Amended Complaint.  The Court certifies pursuant to U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

LORETTA A. PRESKA
Chief Judge

Dated:   0 5  APR  2010
         New York, New York

3