UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/7/11

DANIEL REECE

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

10 Civ. 2901 ( DF ) ( JSR )

- against -

Show & Prove LLC D/B A Marc Ecko Entertainment, Marc Ecko Unltd.,

Marc Ecko Enterprises et al, Atari, Infrogrames Entertainment, Sony

Computer Entertainment of America LLC, Sony et al, Microsoft,

Foundation 9 entertainment aka The Collective et al.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**REPLY AFFIRMATION
IN SUPPORT OF MOTION
FOR A THIRD AMENDED
COMPLAINT**

I, __DANIEL REECE__, **affirm under penalty of perjury** that:
   *(name)*

1.  I, __DANIEL REECE__, am the (plaintiff)/defendant in the above entitled action, and
       *(name)*                    *(circle one)*
submit this affirmation in further support of my motion to this Court for an order
for a Third Amended Complaint to add parent company Iconix Brand Group Inc. and Amazon.com.
*(state what you want the Judge to order)*

2.  The reason why I am entitled to the relief I seek is the following *(state your additional reasons using additional paragraphs and additional sheets of paper as necessary; you should not repeat information from your original affirmation)*: Opposition is based on alleged lack of "substantial similarity"; please see affirmation in opposition of motion to dismiss 2nd amended complaint, Fact 1, which shares with the court Fernandez exhibit letters I and L. At this time of pre-discovery, Ecko Unltd. games is credited in the game instruction book. There is no mention of Show&Prove LLC. Ecko Unltd. and the rhino logo since Oct. 2009 are under the Iconix Brand Group as parent.

**WHEREFORE**, I respectfully request that the Court grant my motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: __NEW YORK__, __NY__        Signature _[signed]_
       *(city)*   *(state)*        Address __700 Lenox Avenue Apt. 24 - H__
       __MARCH__  __7th__, 20__11__         __New York, New York 10039 - 4531__
       *(month)* *(day)* *(year)*   Telephone Number __(917) 334 - 0245__
                                    Fax Number *(if you have one)* __N/A__

*Rev. 05/2007*

Reece

vs.

Show & Prove LLC D/B/A Marc Ecko Unltd. et al

10 Civ. 2901 (DF) (JSR)

Reply Affirmation in Support of

Motion for a Third Amended

Complaint

Continued

2. That Iconix Brand Group as parent company since October 2009 is responsible for infringing activities since that time (October 2009) having the ability to stop any infringement, sustained or otherwise.

The infringing sales would be beneficial in the continued promotion of the Ecko Unltd. and Rhino logos and their branding domestically and abroad. And, thereby the brand owner(s) would stand to reason, gain financially by the continued branding and sales ipso facto.

Please see the reference below from IT WiKi Law with corresponding footnotes:

# Elements of claim Edit

If someone has the "right and ability" to supervise the infringing action of another, and that right and ability "coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials — even in the absence of actual knowledge" that the infringement is taking place — the "supervisor" may be held vicariously liable for the infringement.[1] Vicarious liability is based on a connection to the direct infringer (not necessarily to the infringing activity).

[ The relationship between Iconix Brand Group and Ecko brands is documented with the SEC]

[ The analysis continues to factually state: (sic)

# Case decisions Edit

The best known copyright cases involving vicarious liability are the "dance hall" cases, where vicarious liability was found when dance hall owners allowed the unauthorized public performance of musical works by the bands they hired, even when the owners had no knowledge of the infringements and had even expressly warned the bands not to perform copyrighted works without a license from the copyright owners.[2]

REECE vs. SHEN-PROVE LLC
D/B/A MARC ECKO UN-LTD.
ET AL

10 CIV. 2901 (DF) (JSR)

[A]lthough vicarious liability was initially predicated upon the agency doctrine of respondeat superior . . . , one may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.[3]

# References<u>Edit</u>

1. ↑ Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963)(full-text) (holding that company that leased floor space to phonograph record department was liable for record department's sales of "bootleg" records despite absence of actual knowledge of infringement, because of company's beneficial relationship to the sales).
2. ↑ *See, e.g.*, Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co., 36 F.2d 354 (7th Cir. 1929)(full-text); Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n, 554 F.2d 1213 (1st Cir. 1977)(full-text); KECA Music, Inc. v. Dingus McGee's Co., 432 F. Supp. 72, 199 U.S.P.Q. (BNA) 764 (W.D. Mo. 1977)(full-text). Indeed, the "cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the bandleader is considered, as a technical matter, an employee or an independent contractor, and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection." *Shapiro, Bernstein*, 316 F.2d at 307 (citing some 10 cases).
3. ↑ Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)(full-text).
4. ↑ *See, e.g.*, Davis v. Dupont de Nemours & Co., 240 F. Supp. 612, 631-32 (S.D.N.Y. 1965)(full-text) (imposing vicarious liability on the sponsor of an infringing television broadcast on grounds that the sponsor "had to approve of several steps in the production of the television program. For example, [it] had to consent to televising the story . . . before work on the production was commenced. Copies of the first draft of the television script (which substantially represented the actual telecast) were sent to [the sponsor], and their representatives sat in on story conferences.") (footnotes omitted).

3. With respect to Amazon.com in this pre-discovery moment it is surmised that a financial relationship at some point existed, exists, and or persists with respect to its selling , fostering , and wide distribution of the video game at question, with Amazon having the ability to not sell the game at any point in time. The game which first went to market as best determined in pre-discovery as February 2006.

Therefore under license or hire, the relationship is with the direct infringer ( not the infringing activity itself as described above under "elements of claim" ) thereby creating a financial juxtaposition and a concern of vicarious liability as well, due to a 'beneficial relationship to sales" for Amazon as expressed above under reference 1.

Reece

vs.

Show & Prove LLC D/B/A Marc Ecko Unltd. et al

10 Civ. 2901 (DF) (JSR)

4. Both Iconix Brand Group and Amazon I believe are vicariously liable because of their relationship to the direct infringer and their financial relationships as cited above.

5. With respect to defendant's assertion that U.S. Copyright Laws and their protection do not extend to Atari, S.A. the French parent company of Atari as stated on p.7 of their Memorandum of Law in Opposition, according to West Publication <u>Anderson's Business Law & the Regulatory Environment</u>, Fourteenth Edition, 2001, p. 194 – 195, with respect to copyrights : "A copyright is the exclusive right given by federal statute to the creator of a literary or an artistic work ... Under the international treaty called the Berne Convention, copyright of the works of all U.S authors is protected [sic] automatically in all Berne Convention nations, who have agreed under the treaty to treat nationals of other member countries like their own nationals."

Additionally, it states: "A copyright prevents not the copying of an idea but only the copying of the way the idea is expressed [in the instant case it would be visual art, and specifically the genre of modern art, graffiti, as listed on my copyright granted by the Library of Congress, U.S. Copyright Office]. That is the copyright is violated when there is a duplicating of the words, pictures, or other form of expression of the creator [in this case again graffiti, would be that form of expression, visual art] ... The Copyright Act does not apply extraterritorially. However, if the infringement is completed in the United States and ... then disseminated overseas, there is a liability under the act for the resulting extraterritorial damages."

The video game was distributed in the EU in February of 2006 as best determined and is also believed that the game was sold and marketed in Paris, France.

Finally, in West Publication <u>International Business Law And Its Environment</u>, Fifth Edition, 2002, p.518 , with respect to copyrights and specifically as stated there :"The Berne Convention for the Protection of Literary and Artistic Works, better known as the *Berne Convention* [sic] ... The Berne Convention signatories agree to grant national treatment to copyright holders from other signatories [ in this case the United States ] automatically from the moment of creation rather than the time of filing."

6. I declare again under penalty of perjury that the foregoing is true and correct. Respectfully submitted.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL REECE

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

10 Civ. 2901 ( DF ) ( JSR )

- against -

**AFFIRMATION OF SERVICE**

Show & Prove LLC D/B/A Marc Ecko Entertainment, Marc Ecko Unltd., Marc Ecko Enterprises et al, Atari, Infogrames Entertainment, Sony Computer Entertainment of America LLC, Sony et al, Microsoft, Foundation 9 entertainment aka The Collective et al.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, __DANIEL REECE__, declare under penalty of perjury that I have
*(name)*

served a copy of the attached __Reply Affirmation in Support of Motion For A Third Amended Complaint__
*(document you are serving)*

upon __Jessie Beeber and Jeremy Goldman attorneys for defendants__ whose address is __488 Madison Ave. NY__
*(name of person served)*

__Frankfurt Kurnit Klein & Selz P.C. - 488 Madison Avenue, New York, New York, 10022__
*(where you served document)*

by __U.S Mail__
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: __NEW YORK__, __NY__
        *(town/city)*  *(state)*

__MARCH__ __7th__, 20__11__
*(month)* *(day) (year)*

_Signature_

700 Lenox Avenue Apt. 24 - H
_Address_

New York, New York
_City, State_

10039 - 4531
_Zip Code_

(917) 334 - 0245
_Telephone Number_

*Rev. 05/2010*